IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JOSHUA STRADER, | ) | |
| | ) | No. 2:08-cr-01152-DCN-1 |
| Petitioner, | ) | No. 2:11-cv-70081-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on a petition brought by Joshua Strader, a federal prisoner, to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, as well as his motion to amend that petition. The government filed a motion to dismiss or, in the alternative, for summary judgment. For the reasons set forth below, the court denies Strader's § 2255 petition, denies his motion to amend as futile, and grants the government's motion for summary judgment.

## I. BACKGROUND

On November 12, 2008, the Grand Jury charged Strader in a six-count indictment. The indictment stemmed from alleged wrongdoing by Strader on two separate dates. On December 4, 2007, Strader was alleged to have been a felon in possession of a firearm (Count One); to have knowingly, intentionally, and unlawfully possessed with intent to distribute crack and powder cocaine (Count Two); and to have used and carried a firearm during and in relation to, and in furtherance of, a drug trafficking crime (Count Three). On March 5, 2008, Strader was alleged to have been a felon in possession of a firearm (Count Four); to have knowingly, intentionally, and unlawfully possessed with intent to distribute crack and powder cocaine (Count Five); and to have used and carried a firearm

1

during and in relation to, and in furtherance of, a drug trafficking crime (Count Six). Strader pled not guilty to all charges. On May 20, 2009, he filed a motion to sever Counts One through Three from Counts Four through Six for purposes of trial. The court granted the motion. The government ultimately dismissed Counts One through Three.

A jury trial began on July 6, 2009 on Counts Four, Five, and Six of the indictment. On July 7, 2009, the jury rendered a verdict of guilty on Count Four, guilty on Count Five only as to the lesser-included offense of possession of crack and powder cocaine, and not guilty on Count Six.

Following the submission of a Presentence Report (PSR), the court sentenced Strader on November 20, 2009 to a term of 156 months imprisonment. This sentence included 120 months as to Count Four and 36 months as to Count Five, to run consecutively. Strader filed an appeal on November 20, 2009, arguing that there was insufficient evidence to support a conviction as to Count Four. On August 23, 2010, the Fourth Circuit affirmed Strader's conviction.

On June 1, 2011, Strader filed a timely motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. The government opposed the motion. On April 2, 2012, Strader moved to amend his § 2255 petition pursuant to Federal Rule of Civil Procedure 15. All motions are ripe for disposition.

## II.  STANDARDS

Petitioner appears pro se in this case. Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se

petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

Petitioner proceeds under 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The government has filed a motion for summary judgment.[1] Summary judgment shall be granted if the movant shows there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. Id. at 255.

### III. DISCUSSION

Strader raises three substantive grounds for relief in his § 2255 petition. His first and second grounds are interrelated and are based upon alleged ineffective assistance of counsel. Strader contends that his trial counsel did not adequately investigate the charges

---

[1] Because it has considered matter outside the pleadings, the court construes the government's motion as one for summary judgment. See Fed. R. Civ. P. 12(d).

3

brought by the government or Strader's criminal history, which led to (1) the failure to challenge an inconsistent charge in the indictment, and (2) the rendering of erroneous advice that Strader qualified as an Armed Career Criminal. Strader contends he was prejudiced by this deficient performance because he was unable to plead guilty and receive a lighter sentence. Stader's third claim is that the court violated Federal Rule of Criminal Procedure 32(g) by failing to docket the PSR within seven days of sentencing. Strader requests a hearing on all claims.

### A. Ineffective Assistance of Counsel

To show a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must prove (1) "that [his] counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

Under the performance prong, a lawyer's performance is deficient when his representation falls "below an objective standard of reasonableness," as measured against "prevailing professional norms." Id. at 688. "[T]he reasonableness of counsel's challenged conduct" is judged "on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. "To guard against hindsight bias and unfair 'second-guess[ing],' a defendant must overcome 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Baker, --- F.3d ----, 2013 WL 2631726, at *4 (4th Cir. June 13, 2013) (quoting Strickland, 466 U.S. at 689).

Under the prejudice prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Strickland, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### 1. Failure to Challenge Count Four

First, Strader contends that his counsel was ineffective for failing to challenge an inconsistent charge in the government's indictment. In particular, Strader believes that in Count Four—the charge for being a felon in possession of a firearm—he was simultaneously faced with a *maximum* of 10 years imprisonment under 18 U.S.C. § 924(a)(2) as well as a *minimum* of 15 years imprisonment under 18 U.S.C. § 924(e). Pet'r's Pet. 5.

The possible penalties under Count Four were not inconsistent; instead, they were alternative. The applicable penalty depended upon a determination of Strader's criminal history. If the court were to find that Strader's prior convictions qualified him as an Armed Career Criminal, then he would face a minimum of 15 years imprisonment under § 924(e). See, e.g., United States v. Leeson, 453 F.3d 631, 639 (4th Cir. 2006) (noting that if a defendant convicted of a § 922(g) offense has three previous convictions for a violent felony or serious drug offense, then he is subject to a sentencing increase from a ten-year maximum to a fifteen-year minimum). The court determined that Strader did not qualify as an Armed Career Criminal and sentenced him to 10 years imprisonment under 18 U.S.C. § 924(a)(2). Because Strader's counsel had no basis upon which to challenge the alternative penalties under Count Four, Strader fails to establish ineffective assistance of counsel on this ground.

### 2. Erroneous Advice as to Guidelines Range

Second, Strader contends that his counsel was ineffective for erroneously advising him that he was an Armed Career Criminal and that he faced at least twenty years imprisonment regardless of whether he pled guilty or stood trial.

Strader's trial counsel admits she incorrectly advised Strader that because of his prior convictions, if he were found guilty under either Count One or Count Four of the indictment, he would face a mandatory minimum of 15 years imprisonment. See Baker Aff. ¶ 2 ("In reviewing the Defendant's prior criminal history, I determined erroneously that the Defendant had three prior qualifying convictions for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)."); id. ¶ 3 ("Because of that error, I told the Defendant he was subject to a fifteen year mandatory minimum on counts one and four."). In reality, Strader faced a Sentencing Guidelines range of 110 to 137 months imprisonment on Count One and Count Four. See Baker Supplemental Aff. ¶ 3.

Assuming that counsel's performance was deficient, Strader must still demonstrate prejudice. To do so, he must not only show that the outcome of the proceeding would have been different, but also that the outcome was fundamentally unfair or unreliable. See Baker, 2013 WL 2631726, at *7 ("While it is certainly necessary to show that the outcome of the proceeding at issue would have been different in order to prove prejudice, it is not sufficient.").

Although the government never provided a written plea offer to Strader, see Gov't's Resp. Opp'n 8; Baker Aff. ¶ 4, it did enter into discussions with Strader and his attorney about the possibility of pleading guilty to either Counts One through Three or Counts Four through Six. Baker Supplemental Aff. ¶ 1. Strader refused the offer. Id. ¶

2. Strader argues that his trial counsel's erroneous advice prejudiced him by causing him to stand trial and forego the plea offer.

Strader fails to show prejudice. Along with the admittedly erroneous advice as to Counts One and Four, Strader's trial counsel correctly advised Strader that if he were convicted on either Count Two or Count Five—possession with intent to distribute crack and powder cocaine—he would be deemed a Career Offender. Baker Supplemental Aff. ¶ 3.b. As a Career Offender, Strader's Guidelines range would increase to 188 to 235 months, assuming that he qualified for acceptance of responsibility. The offense level under Counts Two or Five would trump the offense level under Counts One or Four and serve as the total offense level. Finally, if he were convicted on either Count Three or Six, Strader would face an additional mandatory 60 months imprisonment under § 924(c), for a total Guidelines range of 248 to 295 months. Even a sentence at the bottom end of this range (20 years 8 months) would have been more than seven years longer than the sentence Strader received by going to trial (13 years).

At bottom, Strader claims he was prejudiced by receiving advice that he would face a minimum of 20 years imprisonment by pleading guilty, but in fact Strader would have faced a minimum of 20 years 8 months imprisonment if he accepted the verbal offer extended by the government. Because he fails to show prejudice, Strader's claim for ineffective assistance of counsel fails. See Strickland, 466 U.S. at 687 (defendant must prove both that counsel's performance was deficient and that the deficient performance prejudiced the defense).[2]

---

[2] In her affidavit, Strader's trial counsel also states that in her review of the proceedings, she "discovered an objection to the presentence report that could have been raised"; namely, an objection to the application of U.S.S.G. § 2K2.1(b)(6) for possession of a gun "in connection with" another felony offense. Baker Aff. ¶ 8. The enhancement

### B. Violation of Federal Rule of Criminal Procedure 32(g)

Strader's third claim is that the district court violated Federal Rule of Criminal Procedure 32(g) by not docketing the PSR at least seven days prior to sentencing.

Rule 32(g) provides,

> **(g) Submitting the Report**. At least 7 days before sentencing, the probation officer must submit to the court and to the parties the presentence report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them.

Fed. R. Crim. P. 32(g). The plain language of the rule does not require that the PSR be filed with the Clerk's office prior to sentencing; rather, it only requires that the PSR be submitted to the court at least seven days prior sentencing. In this case, the PSR was submitted to the court by the seven-day deadline. Therefore, Strader's contention is without merit.

### C. Motion to Amend

Strader seeks to amend his petition to bring two Supreme Court cases to the court's attention that he believes support his requested relief: Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 (2012).

---

increased Strader's Guidelines range by 4 levels. Strader's trial counsel believes that because Strader was acquitted of the § 924(c) charge—having used and carried a firearm "in relation to" a drug trafficking crime—she could have argued that Strader did not use a firearm "in connection with" a drug trafficking crime.

Such an objection would have failed on the facts of this case. A firearm is used "in connection with" another offense if the firearm had the potential of facilitating the other offense. See United States v. Jenkins, 566 F.3d 160, 162-64 (4th Cir. 2009). Here, police officers responded to a call regarding a suspicious person loitering in the area of Montague Avenue. While officers were speaking with Strader, they observed a black revolver on the driver's side floorboard, along with a white powder substance (.17 grams of cocaine) on the passenger's seat. Subsequent to arrest, officers located .35 grams of crack cocaine rolled into a $10 bill in Strader's pocket. On these facts, Strader possessed a firearm in connection with his possession of crack and powder cocaine. See id. ("[I]t is clear that the possession of a firearm can facilitate a simple drug possession offense.").

8

In Missouri v. Frye, the Supreme Court recently held that defense counsel who failed to inform the defendant of a plea offer before the offer lapsed rendered ineffective assistance of counsel in violation of the Sixth Amendment. 132 S. Ct. at 1408. In Lafler v. Cooper, the Court held that a defendant received ineffective assistance when he was advised to reject a plea agreement, which resulted in him going to trial, being found guilty, and receiving a sentence that was more severe than had he pled guilty. 132 S. Ct. at 1391.

Here, Frye is inapplicable because Strader does not contend that his counsel failed to communicate plea offers from the government to him. Lafler is also inapplicable because, as discussed above, Strader would have faced a longer term of imprisonment had he accepted the government's oral plea offer rather than proceed to trial. Because these cases do not add merit to Strader's claims, the court denies Strader's motion to amend as futile. See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

### D. Request for Evidentiary Hearing

Finally, the court denies Strader's request for an evidentiary hearing because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, petitioner's motion to amend is **DENIED**, and the government's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**July 3, 2013
Charleston, South Carolina**